UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS M. DAWES

Plaintiff,

-against-

TIM NEWTON and PERLMAN & PERLMAN, LLP,

Defendant.

26-CV-02145 (AT) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the conference held on September 18, 2026:

1. The motion to stay discovery in its entirety (ECF 54) is DENIED. The purpose of my oversight of discovery is to ensure that discovery is not overly burdensome, and given the advanced age of some deponents, there is prejudice to a stay.

2. The deadline for completing fact discovery is extended until **October 30, 2026**.

3. By **September 25, 2026**, Ms. Robins shall file a letter on the docket updating the Court on (a) the status of document production on behalf of the Club, Ms. Hynes, Ms. Spencer, and Ms. Shaver-Crandall, (b) the status of her outreach to Ms. Pond-Kudlow about whether the Club will provide her with representation in connection with the deposition and document subpoena that was served on Ms. Pond-Kudlow. The production of documents on behalf of the Club, Ms. Hynes, Ms. Spencer, and Ms. Shaver-Crandall shall include non-privileged responsive documents from August 1, 2023 through January 25, 2025.

4. Any depositions of Ms. Pond-Kudlow and Ms. Hynes shall be limited to two hours on the docket. Any deposition of Ms. Hynes shall proceed remotely.

5. Plaintiff may file a letter-motion to compel production of the Club's communications with counsel by **September 22, 2026**; the Club shall respond by **September 29, 2026**; any reply in further support shall be filed by **October 1, 2026**. If I conclude that in camera review of those communications are appropriate, Perlman & Perlman shall provide me with every tenth email, which I understand to be organized alphabetically.

6. The letter-motion to seal (ECF 52) is GRANTED. There appears to be no dispute that Mr. Perlman may view the confidential documents; Plaintiff's argument that it is inconvenient to seal portions of a deposition transcript is not a reason for the Court to determine at this time and without context whether the documents designated as confidential should remain confidential. If a request for a Court to engage in wholesale review of documents designated as confidential, untethered to any other application, were sufficient to transform documents produced under a confidential designation into judicial documents, any litigant would have a basis to seek public disclosure of documents designated as confidential without any real need or benefit to the public. It is not yet clear which documents Plaintiff will use at Mr. Perlman's deposition; and it is not yet clear whether the associated portions of the transcript will be filed in connection with any motion. Accordingly, for now, the documents in question are not properly considered judicial documents. This ruling is without prejudice to a renewed motion at the appropriate time and on an appropriate record that the documents designated as confidential are judicial documents that should not be sealed.

The Clerk of Court is respectfully requested to terminate ECF 52 and 54.

DATED: September 18, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE