UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS M. DAWES

Plaintiff,

-against-

TIM NEWTON and PERLMAN & PERLMAN, LLP,

Defendant.

26-CV-02145 (AT) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion to compel communications between the Perlman firm ("Perlman") and the Club concerning (a) the investigation of Plaintiff and (b) the preparation of the June 20, 2024 Audit Committee Letter that led to his expulsion. (ECF 58). Plaintiff also asks the Court to (c) resolve Defendants' privilege claim over certain documents produced by Ms. Pond-Kudlow, (d) compel production by a certain date of documents Perlman previously conceded are not privileged, and (e) ensure that Mr. Perlman is available to complete his deposition, which is scheduled for October 12, 2026, before the close of fact discovery on November 10, 2026. (ECF 58, 66.) In connection with this application, in addition to reviewing the parties' letter-briefs, I have conducted an in camera review of the documents produced by Ms. Pond-Kudlow and of a sample of the communications at issue. Based on my review of these materials:

1. Little if any of the content of the correspondence between Perlman and the Club contains information shielded from production under the attorney-client privilege or the work product doctrine. The communications primarily cover factual assertions and administrative or business advice, which do not become protected legal advice simply because they were

provided by counsel. See *Spectrum Sys. Int'l Corp. v. Chem. Bank*, 78 N.Y.2d 371, 377-79 (1991) (explaining that the attorney-client privilege does not include underlying facts). Likewise, documents that would have been prepared in the regular course of business irrespective of whether litigation was contemplated may not be withheld based on the work product doctrine. *Wilder v. World of Boxing LLC*, 324 F.R.D. 57, 62 (S.D.N.Y. 2018) ("Documents prepared in the ordinary course of business, or that would have been created whether or not litigation was anticipated, are not protected by work-product immunity.") (internal citation omitted). It may be that portions of some of the communications at issue contain legal advice or were prepared in anticipation of litigation; and portions of some of the documents may not be relevant to Plaintiff's claims. But the appropriate way to handle those portions of otherwise discoverable documents is surgical redactions. *Vector Cap. Corp. v. Ness Techs., Inc.*, No. 11 CIV. 6259 PKC, 2014 WL 171160, at *3 (S.D.N.Y. Jan. 9, 2014) (ordering only portions of documents that contain legal advice to be redacted). Accordingly, by **October 19, 2026**, Perlman shall produce its communications with the Club on the investigation into Plaintiff and the preparation of the June 20, 2024 Audit Committee Letter, with redactions of material Perlman maintains is not relevant, reflects advice of counsel, or was prepared in anticipation of litigation. At the same time Perlman produces these documents, it shall provide Plaintiff with a redaction log. Perlman is admonished that if its redactions are excessive or its redaction log is deficient, I will consider ordering Perlman to produce all of the communications at issue without redactions.

2. Similarly, the Pond-Kudlow documents, while sent to counsel and including a communication authored by counsel, do not seek or contain substantive legal advice. Ms. Pond-Kudlow raises a concern, and counsel responds by asking for additional information and

reminding Ms. Pond-Kudlow of Board procedures. *In re Pfohl Bros. Landfill Litig.*, 175 F.R.D. 13, 22 (W.D.N.Y. 1997) ("[A] document is not privileged merely because it was prepared by an attorney for a client. The document must contain confidential communication relating to legal advice."). Accordingly, I conclude that Plaintiff's counsel need not sequester those documents or return them to the Club.

3. Perlman shall produce the documents it previously conceded are not privileged by **October 13, 2026**.

4. There is no reason why the deposition of Mr. Perlman should not proceed as scheduled on **October 12, 2026**. To the extent that Plaintiff wishes to question Mr. Perlman about documents that are not produced before the end of questioning on October 12, 2026, Plaintiff may hold the deposition open and resume questioning on a mutually convenient date. At the end of questioning on October 12, 2026, Plaintiff shall inform Mr. Perlman whether Plaintiff is holding the deposition open. If Plaintiff holds the deposition open, Mr. Perlman shall be prepared to advise Plaintiff on the record of all dates in October and the first two weeks of November that Mr. Perlman is available to complete his deposition; and counsel for Mr. Newton and Plaintiff shall be prepared to confirm on the record a date for the completion of Mr. Perlman's deposition. Counsel for Plaintiff shall, by **October 13, 2026**, file a letter on the docket informing the Court either that the deposition of Mr. Perlman has concluded or of the date for the completion of Mr. Perlman's deposition; if the deposition is scheduled to conclude after the current close of fact discovery, Plaintiff's letter shall include a request for an extension of that deadline solely for the purpose of completing Mr. Perlman's deposition.

The Clerk of Court is respectfully requested to terminate ECF 58.

DATED: October 13, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**